UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ALCIDES FRANCISCO LICEP
GRANADO,

        Petitioner,

        v.

JAMES BAUSCH, in his official capacity
as Acting Deputy Field Office Director,
Buffalo Field Office, U.S. Immigration &
Customs Enforcement, et al.

        Respondents.

        26-CV-1260-LJV
        DECISION & ORDER

---

Generally, noncitizens who have been paroled into the United States continue to be treated for legal purposes "as if stopped at the border." *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 139 (2020) (citation omitted). This often is referred to as the "entry fiction." *See, e.g.*, *Campbell v. Almodovar*, 2025 WL 3538351, at *8 (S.D.N.Y. Dec. 10, 2025); *Bermudez Paiz v. Decker*, 2018 WL 6928794, at *3 (S.D.N.Y. Dec. 27, 2018). But in *Cabrera Martinez v. Marich*, 816 F. Supp. 3d 356, 366, 373 (W.D.N.Y. 2025), this Court held that "the 'entry fiction' ends once a person has been living in the country after parole expires" and that therefore "an individual who has been living in the United States outside parole and is later apprehended is detained under [8 U.S.C. §] 1226." The Court also noted that it "need not—and d[id] not—reach the question of the statutory authority for detention of individuals whose parole has ended but who were in fact 'forthwith . . . returned to [DHS] custody,' 8 U.S.C. § 1182(d)(5)(A), such that they did not accrue unlawful presence time, *see id.* § 1182(a)(9)(B)(ii)."

*Cabrera Martinez*, 816 F. Supp. 3d at 373.  And the Court did "not weigh in on how long the minimum period of time must be" between the expiration of parole and being taken into custody to end the "entry fiction," finding only that "several months [wa]s certainly enough."  *Id.* at 367 n.7.

The petitioner here, Alcides Francisco Licep Granado, continued living in the United States for 45 days following the expiration of his parole before being taken into custody.  *See* Docket Item 8 at 1.  The government argues that because Licep Granado "was taken into custody a mere 45 days after his parole expired," *Cabrera Martinez* does not apply, and Licep Granado "should be deemed as if stopped at the border under the parole 'entry fiction[,'] and subject to mandatory detention [under] 8 U.S.C. § 1225(b)(2)(A)."  Docket Item 8 at 1-2.  In support of its argument, the government relies on a federal regulation, which provides that "[a]n arriving alien remains an arriving alien even if paroled [under] section 212(d)(5) of the Act, and even after any such parole is terminated or revoked."  8 C.F.R. § 1.2; *see* Docket Item 8 at 2.[1]

After carefully considering the government's argument, the Court finds that *Cabrera Martinez* applies here.  In *Cabrera Martinez*, the period between the expiration

---

[1] The government also notes that in *Cabrera Martinez*, "this Court pointed out that it made little sense for an alien who arrived at the border and was granted parole to be treated differently than someone who entered the United States without admission." Docket Item 8 at 2.  But, the government argues, "under [its] reading in [*Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA Sept. 5, 2025)], both aliens would be treated the same: as arriving aliens subject to detention under 8 U.S.C. § 1225(b)(2)(A)."  *Id.*  The Court does not see how this helps the government as the government's reading of *Hurtado* has been rejected both by this Court, *see Alvarez Ortiz v. Freden*, 808 F. Supp. 3d 579 (W.D.N.Y. 2025), and by the Second Circuit, *see Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026).

of the petitioner's parole and his arrest was five months.  *See* 816 F. Supp. 3d at 361.

Here, it is significantly shorter: 45 days.  But the same statutory analysis applies.

Among other things, the government did not argue, nor is there is any indication, that a person who has overstayed his parole for 45 days would not accrue "unlawful presence" time under 8 U.S.C. § 1182(a)(9)(B)(ii).  As this Court explained in *Cabrera Martinez*:

> That subsection provides that "an alien is deemed to be unlawfully *present* in the United States if the alien is present in the United States after the expiration of the period of stay authorized by the Attorney General or is present in the United States without being admitted or paroled."  8 U.S.C. § 1182(a)(9)(B)(ii) (emphasis added).  So the "entry fiction"—which deems someone on parole not to be legally "present" in the country—must end when someone overstays "the period of [parole] authorized by the Attorney General."  *See id.*  Section 1182(a)(9)(B)(ii) says as much.

816 F. Supp. 3d at 366-67.  So while there may be some minimal period of time within which a person is considered to have been "'forthwith . . . returned to [DHS] custody,' 8 U.S.C. § 1182(d)(5)(A), such that they did not accrue unlawful presence time," *see Cabrera Martinez*, 816 F. Supp. 3d at 373, 45 days is past that mark.

The Court acknowledges, as it did in *Cabrera Martinez*, "that 8 C.F.R. § 1.2 supports the government's argument."  *See* 816 F. Supp. 3d at 372.  But the regulation—which this Court is not required to follow—again "does not change the Court's conclusion."  *See id.* (explaining that "courts must exercise independent judgment in determining the meaning of statutory provisions," *see Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 394 (2024), and finding that "based on the statutory text of section 1182 and the Supreme Court's interpretation of it, . . . someone who has overstayed parole is 'present' in the United States").

For all those reasons, this Court finds that Licep Granado's detention falls under 8 U.S.C. § 1226(a) and that he therefore is entitled to a constitutionally adequate bond hearing. *See Cabrera Martinez*, 816 F. Supp. 3d at 375. The Court therefore ORDERS the respondents to provide Licep Granado with an individualized bond hearing before an immigration judge **within seven calendar days of the date of this decision and order** at which the government shall bear the burden to demonstrate, by clear and convincing evidence, that he is a danger to the community or a flight risk. At that bond hearing, the immigration judge must consider non-bond alternatives to detention or, if setting a bond, Licep Granado's ability to pay. If the respondents fail to provide such a hearing within seven calendar days, they shall immediately release Licep Granado.

On or before **July 24, 2026**, the respondents shall file a status report confirming that Licep Granado either has been granted a bond hearing in compliance with this decision and order or has been released from custody.

SO ORDERED.

Dated:   July 16, 2026
         Buffalo, New York


                                        */s/ Lawrence J. Vilardo*
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE